# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**TEVIN LATTREL WOODRUFF**                                        **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 4:19-CV-P56-JHM**

**LINDSEY RIDINGS et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Tevin Lattrell Woodruff filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint (DN 1) and amended complaint (DN 7). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. STATEMENT OF CLAIMS

Plaintiff is a convicted inmate housed at the Henderson County Detention Center (HCDC). As Defendants, Plaintiff names Nurse Lindsey Ridings, Supervising Nurse at HCDC, in her official capacity and Southern Health Partners (SHP), identified in the complaint as the medical provider at HCDC.

Plaintiff alleges that he has a medical condition causing progressive vision loss in both eyes that requires "treatment (injections), (medication) (Avactin)" to stabilize his eyesight. He states that he is treated by a specialist at the Physician's Eye Care Center located in Owensboro, Kentucky. He states that in December 2018, when he was taken to the Physician's Eye Care Center for his 4-6 week check-up/treatment, he was told by the physician that HCDC medical staff "neglected to make sure [his] insurance was updated and [he] was told that the last two appointments before this one had not been paid for by Southern Partner Insurance." Plaintiff states that he also was told that he would not be able to receive any more treatment with his

original medication, Avastin, due to lack of payment and instead was given a free sample of the drug Eyelea by injection. Plaintiff states that he had a very bad reaction to the new medicine, with blistering, burning, and burst blood vessels in his eye for three to four weeks.

As relief, Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v.*

*Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Nurse Ridings as brought against her employer, Southern Health Partners.

Based on the complaint, the Court presumes that Southern Health Partners is a private entity which contracts with HCDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Southern Health Partners. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). "[A] municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

First, the Court finds that Plaintiff alleges a deprivation of his Eighth Amendment right to be free from deliberate indifference to a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104-04 (1976) (holding that an Eighth Amendment violation occurs when prison officials act with deliberate indifference to a prisoner's serious medical need).

However, to state such a claim against SHP, Plaintiff must "'identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, reading the complaint and amended complaint liberally, the Court finds that Plaintiff alleges that, due to a SHP policy or custom, Plaintiff's eye doctor bills were not paid resulting in Plaintiff being given a free sample of a drug which caused a bad reaction, as well as not being seen by the eye doctor since December 2018.

The Court will allow Plaintiff's Eighth Amendment claim to continue against SHP. Because suing Nurse Lindsey in her official capacity is redundant to the continuing claim against SHP, she will be dismissed from this action.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim against Defendant Nurse Lindsey is **DISMISSED** as redundant to his claim against SHP.

The Clerk of Court is **DIRECTED** to terminate Nurse Lindsey as a Defendant in this case.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of this case.

Date: August 29, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.009